**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| PATRICIA F. GIBSON | § | |
| | § | |
| V. | § | CASE NO. 4:09-CV-00545-RAS-DDB |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Disability Insurance Benefits under Title II, and Supplemental Security Income disability benefits under Title XVI of the Social Security Act on October 26, 2006, claiming entitlement to disability benefits due to degenerative disc disease, mild degenerative disc disease in the cervical spine, bronchitis, internal and external hemorrhoids, depression and anxiety. Plaintiff's application was denied initially on January 14, 2009, and on reconsideration on August 28, 2009. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Fort Worth, Texas on September 18, 2008. Plaintiff was represented by counsel at the proceeding. Also appearing and testifying were Ollie D. Raulston Jr., M.D., an impartial medical expert and Barbara A. Dunlap, an impartial vocational expert.

1

On December 28, 2006, and upon reconsideration on April 26, 2007, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, and on January 14, 2009, the Appeals Council issued an Order affirming the January 14, 2009 decision. Therefore, the January 14, 2009 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings**:**

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

2. The claimant has not engaged in substantial gainful activity since October 26, 2006, the amended alleged onset date (20 C.F.R. §§ 404.1571 *et seq*).

3. The claimant has the following severe impairments: degenerative disc disease at L4-5, status-post decompression and laminectomy; mild degenerative disc disease in the cervical spine; bronchitis; internal and external hemorrhoids, status post ligation; depression; anxiety (20 CFR 404.1521 et seq). However, the claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she cannot stoop, balance, crouch, crawl, kneel, or climb stairs and ramps more than occasionally; she cannot climb scaffolds, ladders, and ropes; she cannot sit without the opportunity to occasionally stand in addition to a lunch and the normal legal breaks during the workday; she cannot push or pull with the feet; she cannot work at unguarded heights or near unguarded hazardous mechanical equipment; she cannot perform more than the lower-end of detailed instructions; she cannot have more than superficial contact with the public; she cannot read other than familier forms; she cannot be exposed to excessive dust, fumes, or gases more than incidentally on a rare basis; she cannot do repetitive up and down or side to side neck movements.

5. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

6. The claimant was born on July 4, 1959 and was 44 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date. She has remained a younger individual for all times relevant to this decision (20 CFR. 404.1564).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR. 404.1564).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

10. The claimant has not been under a disability, as defined in the Social Security Act, from October 26, 2006, the amended alleged onset date, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 11-20).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the

Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment

that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## **ANALYSIS**

Plaintiff raises two issues: (1) whether the ALJ properly determined at step five of the sequential evaluation process that there were a significant number of jobs that Plaintiff could perform, and (2) whether evidence clearly establishes a closed period of disability.

Plaintiff was forty-nine years old and had completed high school on the date last insured. (Tr. 19). The ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4. (Tr. 11). The ALJ found that Plaintiff's impairments restricted her to perform

sedentary work as defined by 20 C.F.R. § 404.1567(a), except she cannot stoop, balance, crouch, crawl, kneel, or climb stairs and ramps more than occasionally; she cannot climb scaffolds, ladders, and ropes, as well as other specific restrictions. (Tr. 15-16). Sedentary work is defined as lifting no more than 10 pounds at a time. 20 C.F.R. § 404.1567(a). The ALJ determined Plaintiff is unable to perform any past relevant work. (Tr. 19). Thus, the ALJ proceeded to step five in the sequential evaluation process, where the burden shifts to the Commissioner to show that there is other substantial gainful employment available which Plaintiff is able to perform. *Fraga v. Bowen*, 810 F.2d 1296, 1301-02 (5th Cir. 1987). The Commissioner may utilize vocational expert testimony to meet this burden. *See Perez v. Barnhart*, 415 F.3d 457, 460 (5th Cir. 2005). The vocational expert identified sedentary semi-skilled work that Plaintiff could perform and utilize past clerical transferable skills: civil service clerk (60,000 nation), receptionist (90,000 nation). (Tr. 20). The ALJ denied Plaintiff's application at step five of the sequential evaluation process. (Tr. 20).

      First, Plaintiff alleges she cannot meet the fingering requirement of the sedentary jobs outlined by the ALJ. The ALJ has the discretion to determine the credibility of medical reports in the record. *See Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991). The ALJ found Plaintiff's "impairments could reasonably be expect to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of theses symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. (Tr. 17). The ALJ also determined Plaintiff's subjective complaints of pain are out of proportion to the objective medical evidence. (Tr. 18). Furthermore, the ALJ did not conclude Plaintiff had functional limitations related to fingering. (Tr. 15-16). On August 11, 2008, during the relevant

disability time period, Dr. Giesler noted Plaintiff "has normal strength and reflexes in both upper extremities... rapid repetitive motion in both hands is a little slowed." (Tr. 329). The record does not reflect that Plaintiff is unable to perform fingering tasks that would limit her ability to perform the occupations identified by the vocational expert. The vocational expert testified work as a clerk requires frequent fingering and work as a receptionist requires occasional fingering. (Tr.55). Thus, even if Plaintiff were restricted to occasional fingering she would still be able to perform sedentary work as a receptionist.

An ALJ may properly rely on the testimony of a vocational expert in determining that a claimant can perform other work if the hypothetical posed to the vocational exert incorporates reasonably all disability recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical. *Rivera v. Barnhart*, 64 Fed. App'x 416, 2003 WL 1524565, at *1 (5th Cir. 2003). Here, Plaintiff's attorney cross-examined the vocational expert and suggested fingering limitations. (Tr. 55). Therefore, there is no reversible error where the representative was afforded the opportunity to suggest purported defects in the hypothetical questions. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). The ALJ did not err in considering the fingering requirement of sedentary work and Plaintiff failed to fulfill her burden of proof that she was unable to perform work identified by the vocational expert. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

Second, Plaintiff alleges the ALJ failed to consider a closed period of disability. An impairment must have lasted or be expected to last for a continuous period of at least 12 months to

meet the duration requirement. 20 C.F.R. § 404.1509. "To meet the duration requirement the claimant must demonstrate not simply that his disability prevented him or would prevent him from performing his past relevant work for a continuous period of 12 months... but rather that his disability prevented him or would prevent him from performing *any* substantial gainful activity for 12 continuous months." *Sharpe v. Commissioner of Social Sec. Admin.*, No. 5:09-cv-109, 2011 WL 346066, at *3 (E.D. Tex. Feb. 2, 2011) (*citing Neal v. Bowen*, 829 F.2d 528, 530-31 (5th Cir. 1987). The ALJ determined there is no medical opinion from any medical source indicating that claimant is entirely incapable of working. (Tr. 19). The ALJ considered substantial evidence and thoroughly reviewed Plaintiff's medical records. (Tr. 11-20). Plaintiff's attorney brought the period of time she was under a doctor's care for a year to the attention of the ALJ at the hearing, which he subsequently rejected in his written decision. (Tr. 56). Plaintiff's sole allegation that she was under a doctor's care for over a year fails to contradict the ALJ's determination.

### RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 25th day of July, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE